E. H. Roe, Respondent, v. W. R. ANNAN, Appellant.

**Kansas City Court of Appeals, April 24, 1899.**

**Delivery**: NOTE: SUFFICIENCY OF EVIDENCE: INFERENCE FROM. The evidence in this case is reviewed and held sufficient to send to the jury the question whether the note in suit was delivered by his assignor to the plaintiff, since, in the absence of evidence in behalf of the defendant, the plaintiff is entitled not only to the effect of the direct testimony in his behalf but also to every reasonable inference that may be drawn from the entire evidence.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

W. G. PENDLETON for appellant.

The evidence is insufficient to show an executed gift of the note to the plaintiff. The only witness on this point was O. L. Roe. He admitted that he could not identify this note as the paper he saw J. B. Roe hand to the plaintiff. Neither did he hear what was said between J. B. Roe and the plaintiff. Plaintiff undertook to supplement this evidence by the testimony of himself and his wife, but their testimony was properly excluded by the court.

C. D. CORUM for respondent.

It was true, as appellant urges, that O. L. Roe admitted that he could not swear to having seen J. B. Roe deliver this

Roe v. Annan.

note to plaintiff; but he did swear that he saw J. B. Roe give plaintiff a paper, and that he, witness, kept the notes of J. B. Roe securely locked; that when he put them away last before this instance, the note was among the papers, but that on examining them on this occasion when he returned the book to its accustomed place, he found the note was not among the other effects. The evidence, coupled with the fact that the note was in possession of the plaintiff (which, were this a suit on a note, would be *prima facie* evidence of ownership) and the declaration that J. B. Roe intended to give his right of action to plaintiff, was certainly sufficient to justify the trial judge in finding that the debt was assigned to plaintiff. Especially is this true when it is remembered that no evidence of any kind whatever was offered by defendant, even though defendant's own daughter seems to have been present at the time. The testimony was ample. Briggs v. Munchon, 56 Mo. 467; Wheeler v. Wheeler, 63 Mo. App. 298; Martin v. Nichols, 54 Mo. App. 594; Roeder v. Shyrock, 61 Mo. App. 485; Smith v. Sterritt, 24 Mo. 260; Brandon v. Dawson, 51 Mo. App. 237; Tomlinson v. Ellison, 104 Mo. 105; Walker v. Owens, 25 Mo. App. 587; Zwiegardt v. Birdseye, 57 Mo. App. 462; Powell v. Adams, 9 Mo. 767.

ELLISON, J.—This action is based on a claim which J. B. Roe had against defendant by reason of having paid off a note of defendant's on which he, Roe, was surety. The judgment was for plaintiff. Defendant did not introduce any evidence and the only point in the case is whether there was evidence to support the finding.

Defendant, J. B. Roe, and others signed the note which was also payable to defendant. Defendant indorsed it to one Ham Lusk and J. B. Roe as surety paid it to Lusk's attorney who had it for collection; Lusk assigned it to J. B. Roe without recourse. J. B. Roe afterwards became sick and after lingering for a considerable time, died. Plaintiff, who is his

brother, claims that before his death and while sick, he gave the claim he had against defendant (by reason of having paid the note) to him by assigning it, putting it in charge of another brother with the direction that if plaintiff who was absent did not get to him before he died he, plaintiff, was to have it. Plaintiff however was with him before his death and he handed the note over to plaintiff, which he had indorsed before plaintiff arrived, as just stated.

Defendant claims that there was no sufficient evidence of this delivery. We think there was. The brother of deceased and of this plaintiff, who had the note in a book in his charge, stated that he put the note in the book when it was indorsed by deceased. That after plaintiff's arrival deceased called for the book and he saw him hand a paper to plaintiff and though he was not close enough to identify the paper as the note in question, yet it was thereafter not in the book where he put it. In our opinion the testimony of the attorney who collected the note, in connection with that of the brother who had it in charge afterwards, makes a *prima facie* case. In the absence of evidence in behalf of defendant, the plaintiff is entitled not only to the effect of the direct testimony in his behalf, but also to every reasonable inference which may be drawn from the entire evidence. We see no reason to justify us in disturbing the judgment and it is accordingly affirmed. All concur.